# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEON LINTHECOME,<br><br>Petitioner,<br><br>v.<br><br>KIM HOLLAND, Warden, et. al.,<br><br>Respondents. | Case No. 1:15-cv-00012-GSA-HC<br><br>ORDER TO SHOW CAUSE<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 1) |

Petitioner is a former state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.**

**BACKGROUND**

Petitioner was formerly an inmate at the California Correctional Institution located in Tehachapi, California, pursuant to a judgment of the Los Angeles County Superior Court.

On January 5, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner challenges a disciplinary proceeding on November 21, 2014, that was the result of a Rules Violation Report (RVR) which was issued on November 3, 2014. Petitioner argues that he was given a false RVR, he was not afforded a fair and impartial hearing, he was not allowed to defend himself, he was not allowed to present evidence, he was not allowed to present

1

witnesses, and he was not allowed to confront his accusers.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition…that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

**A. Mootness**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. See Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70, 104 S.Ct. 373, 374-75 (1983) (per curiam). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favourable judicial decision. Id. A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1982) (per curiam) (internal citations omitted). Federal courts are "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404 (1971) (per curiam).

A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, 2 of the Constitution. See Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favourable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). Mootness is jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must

1 be dismissed because nothing remains before the Court to be remedied.  When, because of
2 intervening events, a court cannot give any effectual relief in favor of the petitioner, the
3 proceeding should be dismissed as moot.  See Calderon v. Moore, 518 U.S. 149, 150, 116 S.Ct.
4 2066, 135 L.Ed.2d 453 (1996).

5     Upon a review of the docket, it appears that the claims initially alleged by Petitioner are
6 no longer in controversy.  Petitioner has been released from custody.  When the Court mailed a
7 second order for consent or request for reassignment to Petitioner on February 23, 2015, the mail
8 was returned as undeliverable, paroled.  On March 6, 2015, Petitioner submitted a notice of
9 change of address for after his release from prison.  (ECF No. 6).  Although a habeas claim for
10 credit on a sentence may be mooted by the petitioner's release, it is also possible that the claim
11 remains viable.  For example, a habeas "challenge to a term of imprisonment is not mooted by a
12 petitioner's release where the petitioner remains on supervised release and there is a possibility that
13 the petitioner could receive a reduction in his term of supervised release."  See Reynolds v. Thomas,
14 603 F.3d 1144, 1148 (9th Cir. 2010) (internal citations omitted).

15     It appears that the only relief that Petitioner seeks is invalidation of the findings and
16 associated sanctions as a result of his November 21, 2014, disciplinary hearing.  Petitioner has
17 not described any collateral consequences that may exist from his former custody that are
18 relevant to whether the instant petition is moot.  Therefore, Petitioner must inform the Court
19 whether there are any collateral consequences that would cause the instant petition to not be
20 mooted by his release from custody.

21     **B. Exhaustion**

22     A petitioner who is in state custody proceeding with a petition for writ of habeas corpus
23 must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based
24 on comity to the state court and gives the state court the initial opportunity to correct the state's
25 alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.
26 Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

27     A petitioner can satisfy the exhaustion requirement by providing the highest state court
28 with a full and fair opportunity to consider each claim before presenting it to the federal court.

Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

If a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").

Upon review of the Petition, it does not appear that Petitioner has sought review for his claims in the California Supreme Court. Petitioner checked the box stating that he did not seek review in the California Supreme Court and then he wrote that review was not applicable and that this was a "CDC-115 issue." (ECF No. 1 at 5). If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. See 28 U.S.C. § 2254(b)(1). Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court. Petitioner should also provide the Court with any orders issued by the California Supreme Court.

Moreover, if the Petition contains unexhausted and exhausted claims, it is a mixed petition. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 521-22.

**C. Appointment of Counsel**

As part of his petition, Petitioner filed a motion for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the

petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Upon a review of the petition and the motion for appointment of counsel, the Court does not find that the interests of justice require appointment of counsel at the present time.

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is ORDERED to SHOW CAUSE within **thirty (30)** days of the date of service of this Order why the Petition should not be dismissed for mootness and failure to exhaust state remedies; and

2. Petitioner's motion for appointment of counsel is DENIED.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits.).

IT IS SO ORDERED.

Dated:   **March 19, 2015**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE