# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEON LINTHECOME,<br><br>Petitioner,<br><br>v.<br><br>KIM HOLLAND, Warden, et. al.,<br><br>Respondents. | Case No. 1:15-cv-00012-GSA-HC<br><br>ORDER DISMISSING PETITION |

Petitioner is a former state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 5).

**I.**

**BACKGROUND**

Petitioner was formerly an inmate at the California Correctional Institution located in Tehachapi, California, pursuant to a judgment of the Los Angeles County Superior Court.

On January 5, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner challenges a disciplinary proceeding that was the result of a Rules Violation Report ("RVR") which was issued on November 3, 2014.

When the Court mailed Petitioner a second order for consent or request for reassignment, it was returned as undeliverable, paroled. On March 6, 2015, Petitioner submitted a notice of

change of address that stated that he had been released and listed his new address. (ECF No. 6). On March 19, 2015, the Court issued an order for Petitioner to show cause why the petition should not be dismissed for mootness and for failure to exhaust state remedies. (ECF No. 7). Petitioner did not submit a response to the order to show cause.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition…that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

**A. Mootness**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. See Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70, 104 S.Ct. 373, 374-75 (1983) (per curiam); Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favourable judicial decision. Id. Federal courts are "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404 (1971) (per curiam). A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1982) (per curiam) (internal citations omitted).

A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favourable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118

1  S.Ct. 978, 140 L.Ed.2d 43 (1998)).  Mootness is jurisdictional.  See Cole v. Oroville Union High
2  School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000).  Thus, a moot petition must be
3  dismissed because nothing remains before the Court to be remedied.  When, because of
4  intervening events, a court cannot give any effectual relief in favor of the petitioner, the
5  proceeding should be dismissed as moot.  See Calderon v. Moore, 518 U.S. 149, 150, 116 S.Ct.
6  2066, 135 L.Ed.2d 453 (1996).

7       Here, upon a review of the docket, it appears that the claims initially alleged by Petitioner
8  are no longer in controversy.  Petitioner has been released from custody.  When the Court mailed
9  a second order for consent or request for reassignment to Petitioner on February 23, 2015, the
10 mail was returned as undeliverable, paroled.  On March 6, 2015, Petitioner submitted a notice of
11 change of address for after his release from prison. (ECF No. 6).  Although a habeas claim for
12 credit on a sentence may be mooted by the petitioner's release, it is also possible that the claim
13 remains viable. For example, a habeas "challenge to a term of imprisonment is not mooted by a
14 petitioner's release where the petitioner remains on supervised release and there is a possibility
15 that the petitioner could receive a reduction in his term of supervised release." See Reynolds v.
16 Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010) (internal citations omitted).

17      It appears that the only relief that Petitioner seeks is invalidation of the findings and
18 associated sanctions as a result of his November 21, 2014, disciplinary hearing.  Petitioner did
19 not submit a response to the Court's order to show cause.  Petitioner has not described any
20 collateral consequences that may exist from his former custody that are relevant to whether the
21 instant petition is moot.  Therefore, the instant petition is mooted by Petitioner's release from
22 custody.

23     **B. Exhaustion**

24      A petitioner who is in state custody proceeding with a petition for writ of habeas corpus
25 must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based
26 on comity to the state court and gives the state court the initial opportunity to correct the state's
27 alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.
28 Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state

4

> court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Moreover, if the petition contains unexhausted and exhausted claims, it is a mixed petition. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 521-22. If a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").

Upon review of the petition, it does not appear that Petitioner has sought review for his claims in the California Supreme Court. Petitioner checked the box stating that he did not seek review in the California Supreme Court and then he wrote that review was not applicable and that this was a "CDC-115 issue." (ECF No. 1 at 5). Petitioner did not submit a response to the Court's order to show cause. As it appears that Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the claims are unexhausted and the petition must be dismissed. See 28 U.S.C. § 2254(b)(1).

## III.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

  (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court does not find that reasonable jurists would find the Court's determination that Petitioner's petition should be dismissed debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court hereby declines to issue a certificate of appealability.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.
## ORDER

Accordingly, the Court ORDERS that:

1. The petition for writ of habeas corpus is DISMISSED for mootness and for failure to exhaust;
2. The Clerk of Court is DIRECTED to close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 18, 2015**                    **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE